STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

March 19, 2021
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DEBBIE DEFIBAUGH,**
**Claimant Below, Petitioner**

**vs.)   No. 20-0136** (BOR Appeal No. 2054500)
               (Claim No. 2012002019)

**APPALACHIAN ELECTRONIC INSTRUMENTS, INC.,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Debbie Defibaugh, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Appalachian Electronic Instruments, Inc., by Counsel Timothy E. Huffman, filed a timely response.

The issue on appeal is permanent partial disability. The claims administrator granted no additional permanent partial disability on April 24, 2018. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its August 19, 2019, Order. The Order was affirmed by the Board of Review on January 24, 2020.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Defibaugh, an electronics assembler, sustained repetitive motion injuries to her right hand and elbow in the course of and resulting from her employment. The Employees' and Physicians' Report of Injury, completed July 15, 2011, indicates Ms. Defibaugh injured her right hand and right elbow as a result of repetitive twisting and turning with hand tools. She stated that the right elbow was aggravated by a prior 2001 injury.

On May 29, 2013, the Office of Judges reversed a July 20, 2011, claims administrator decision and held the claim compensable for lateral epicondylitis and right ulnar nerve neuritis. The decision was affirmed by the Board of Review on November 21, 2013. The Office of Judges

1

reversed a February 7, 2014, claims administrator decision granting 5% permanent partial disability and instead granted an 8% award on June 12, 2015. The decision was based on the report of Robert Walker, M.D. The Board of Review affirmed the decision on October 27, 2015.

In a December 15, 2017, independent medical evaluation, Dr. Walker noted that Ms. Defibaugh was first diagnosed with right medial epicondylitis and then carpal tunnel syndrome. For the right median nerve, Dr. Walker assessed 6% impairment after adjustment per West Virginia Code of State Rules § 85-20. For right elbow lateral epicondylitis, Dr. Walker found 11% impairment. His total combined impairment rating was 16%. Dr. Walker noted that any prior permanent partial disability award should be subtracted from his total impairment assessment.

Joseph Grady, M.D., performed an independent medical evaluation on April 9, 2018, in which he noted that Dr. Walker stated in his report that Ms. Defibaugh underwent an EMG which confirmed carpal tunnel syndrome. Dr. Grady stated that the only EMG of record was a 2012 EMG, which did not show carpal tunnel syndrome. Dr. Grady found Dr. Walker's range of motion findings to be abnormally greater than what would typically be seen for lateral epicondylitis. Dr. Grady examined Ms. Defibaugh and diagnosed right ulnar neuropathy and right elbow lateral epicondylitis. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), Dr. Grady assessed 3% impairment. Dr. Grady noted that he previously examined Ms. Defibaugh in 2014 and assessed 3% impairment. His rating had therefore remained unchanged. The claims administrator granted no additional permanent partial disability award on April 24, 2018.

On November 21, 2018, Michael Kominsky, D.C., performed an independent medical evaluation in which he noted the compensable conditions as chronic right lateral epicondylitis, right ulnar nerve neuritis with cubital tunnel syndrome, right ulnar nerve entrapment at Guyon's tunnel, and right wrist dysfunction. Ms. Defibaugh continued to work and reported worsening symptoms over the past several months. Dr. Kominsky diagnosed chronic right lateral epicondylitis, ulnar neuropathy across the cubital tunnel, ulnar neuritis across Guyon's tunnel, muscle weakness of the ulnar enervated muscle distal to the right cubital tunnel, and right ulnar neuropathy. Using the American Medical Association's *Guides*, Dr. Kominsky assessed 17% impairment.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on April 17, 2019, in which he noted the compensable conditions as lateral epicondylitis and right ulnar nerve neuritis. Dr. Mukkamala found normal range of motion in all joints of both upper extremities. Motor exam and muscle strength were also normal. Dr. Mukkamala found 2% impairment for sensory deficits. Dr. Mukkamala disagreed with Dr. Walker's finding of 18% impairment. He stated that Dr. Walker's finding of significant range of motion loss was unsupported. Dr. Mukkamala found that Dr. Walker's evaluation included noncompensable conditions, including carpal tunnel syndrome. Dr. Mukkamala also disagreed with Dr. Kominsky's finding of significant motion loss.

The Office of Judges affirmed the claims administrator's grant of no additional permanent partial disability award in its August 19, 2019, Order. The Office of Judges noted that the claim

was held compensable for lateral epicondylitis and right ulnar nerve neuritis. It further noted that Ms. Defibaugh was previously granted an 8% permanent partial disability award based on the report of Dr. Walker. The Office of Judges noted that Dr. Walker performed a second evaluation three and a half years later and noted additional diagnoses of carpal tunnel syndrome and right medial epicondylitis. The Office of Judges found no evidence that carpal tunnel syndrome has been added to the claim. Dr. Walker's report was found to be unreliable since it included noncompensable conditions. The Office of Judges found Dr. Grady's report to be reliable. He found 3% impairment and determined that Ms. Defibaugh's condition had not changed from his previous evaluation, in which he also found 3% impairment. The only EMG of record showed no evidence of carpal tunnel syndrome. The Office of Judges next reviewed Dr. Kominsky's report, which was found to be unreliable. Dr. Kominsky's report included the noncompensable conditions of wrist dysfunction and right ulnar nerve entrapment at Guyon's tunnel. Lastly, Dr. Mukkamala's report was found to be reliable. The Office of Judges concluded that Ms. Defibaugh failed to prove that she is entitled to a greater permanent partial disability award than the 8% award she has already received. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order January 24, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. There are four independent medical evaluations of record. The reports of Drs. Walker and Kominsky were properly found to be unreliable since they included noncompensable conditions. The reports of Drs. Grady and Mukkamala were reliable and neither physician found more than 8% impairment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed

**ISSUED: March 19, 2021**

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton